IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA MANUEL COLON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al., | : | No. 12-5524 |
| Respondents. | : | |

ORDER

AND NOW, this 27th day of November 2013, upon consideration of the Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), the

Answer to the Petition for Writ of Habeas Corpus (Doc. No. 5), Petitioner's Response to

Commonwealth's Answer (Doc. No. 7), and Petitioner's Objections to Magistrate's Report and

Recommendation (Doc. No. 10), after careful and independent review of the Report and

Recommendation of the United States Magistrate Judge Lynne A. Sitarski (Doc. No. 9), it is

hereby ORDERED that:

1.       The Report and Recommendation ("R&R") is APPROVED and ADOPTED.

2.       After engaging in a *de novo* review of each finding in the R&R that Petitioner
specifically objected to, 28 U.S.C. § 636(b)(1), we write to supplement the R&R
with respect to Petitioner's claim of ineffective assistance of counsel for failure to
investigate.  Petitioner argues that "[c]ounsel's failure to make reasonable efforts
to learn about Endy's Pharmacy Act and Identity Theft convictions when she
testified as the Commonwealth's key witness 'easily satisfies the first prong of
Strickland.'"  (Doc. No. 10, at 2 (quoting Grant v. Lockett, 709 F3d 224, 234 (3d
Cir. 2013.)  However, Petitioner's argument overlooks the fact that his attorney
*did* investigate Endy's criminal record.  (Gov't's App'x 533 (Pa. Super Ct. Op.
Dec. 27, 2011, at 6).)  Petitioner's counsel testified at Petitioner's PCRA hearing
that he had hired a private investigator and that investigator provided Petitioner's
counsel with a file on each witness that included that witness's criminal
background.  (Id. at 416 (PCRA Hr'g 19).)

3.       Although Petitioner is correct that a complete failure to investigate a
Commonwealth's witness's criminal history would be deficient under Strickland,

Grant, 709 F3d at 234, we find no such deficiency here because counsel reasonably relied upon an investigator to conduct this investigation.  Counsel's reliance on his investigator was "reasonable[] under prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 688 (1984), because a lawyer is not expected to duplicate his investigator's work and the investigator reasonably relied on the criminal history database tools that were available at the time.  Cf. Lewis v. Mazurkiewicz, 915 F.2d 106, 113 (3d Cir. 1990) ("As Strickland made clear, trial counsel was not bound by an inflexible constitutional command to interview every possible witness.").  Thus, we agree with Magistrate Judge Sitarski's determination that the state courts did not unreasonably apply Strickland.

        3.      The petition for Writ of Habeas Corpus is DENIED.

        4.      There is no probable cause to issue a certificate of appealability.

        5.      The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.